IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHET MICHAEL WILSON,  )
Individually and on behalf of  )
all others similarly situated,  )
  )
      Plaintiff,  )
  )
  Civil Action
  File No. 1:25-cv-4023

v.

ATLANTA MEDICAL DAY SPA
AND SURGERY CENTER, LLC,

      Defendant.
_____/

**ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANT
ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC**
_____

**COMES NOW** Defendant, above named, by and through counsel and hereby submits its Answer to Plaintiff's complaint and states as follows:

## I.    AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and as such this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)6.

## SECOND DEFENSE

This Court lacks jurisdiction over the subject matter of the Complaint, and as such the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)1.

## THIRD DEFENSE

This Court lacks jurisdiction over the person of the Defendant, and as such the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)

## FOURTH DEFENSE

The venue of this action is improper, and as such the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)3.

## FIFTH DEFENSE

There has been insufficient process in service of this action, and as such the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)4.

## SIXTH DEFENSE

Service of process is insufficient in this action, and as such the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)5.

## SEVENTH DEFENSE

The Plaintiff has failed to join a party to this action necessary for full, just and proper adjudication of all issues before the Court in violation of the requirements of Fed. R. Civ. P. 19, and as such the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)7.

## EIGHTH DEFENSE

The action presented is not properly brought before the court as a class action in that: the number of potential plaintiffs are not so numerous that joinder of all persons is impracticable, there is no question of law to answer as to all potential plaintiffs;  Defendant's conduct was justified and permissive, the claims of the named Plaintiff are not adequately representative of the clams of any other potential plaintiffs, and the representative parties will not fairly and adequately protect the interests of the class, and as such the court should deny class action status to the action.

## NINTH DEFENSE

Pursuant to Fed. R. Civ. P. 23 this action should be denied class status in that:

Prosecuting separate actions by or against individual class members would not create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party

opposing the class; or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

The party opposing the class has not acted or refused to act on grounds that apply generally to the class, and final injunctive relief or corresponding declaratory relief is not appropriate respecting the class as a whole. And

The court cannot find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy.

Specifically, Defendant has an "established business relationship" with the recipients of the alleged text messages, if any. Class status does not appertain for want of commonality due to federal regulations permitting such communications with those with whom a defendant has such a relationship. Carnett's Inc. v. Hammond, 279 Ga. 125.

## TENTH DEFENSE

Plaintiff and any and all potential plaintiffs cannot recover under a theory that Defendant violated 47 USC § 227 *et sequitur,* as Defendant's conduct was subject to the express consent of the recipient.

Any and all communications alleged in the complaint, if any, were made to former and existing patients of Defendant. Any allegation that Defendant has engaged or is engaging in blind "spam" messages or similar activity is false and fraudulent and without basis or support.

All patients who visited Defendant's place of business executed documentation, which, among other things, includes a statement that: "I authorize Atlanta Medispa to contact me via text message and email for purposes including appointment reminders, scheduling, treatment follow-ups, and marketing. I understand these communications may not be secure and may carry some risk. I may opt out at any time by notifying the practice." Consequently, Defendant had express consent to send electronic messages to the cellular telephone number at issue as well as to any other individuals to whom Plaintiff references as potential plaintiffs. 47 USC § 227(b)(1)(B).

## ELEVENTH DEFENSE

Defendant is not the real party in interest who could be held ultimately liable for any violations of 47 USC § 227 *et sequitur*. Defendant is protected by the doctrines of:

1. Actual Reliance;
2. Justifiable Reliance; and
3. Reasonable Reliance on third parties; and further

Defendant engaged the services of a third-party vendor for the purpose of sending out communications via text to former and current clients who agreed to receive said communications in prior writings. Defendant relied on said vendor to advise it of the contents required of such communications to avoid any potential violations of the law.

Defendant was never informed of the required language, if any, by the professional vendor whom they hired to handle the communications, if any, alleged in the complaint. No red flags or prior warnings of necessity of any such language were present. Said vendor's omission places liability, if any, squarely at the feet of said vendor as a negligent misrepresentation is the cause in fact and the proximate cause of any violations of 47 USC § 227 *et sequitur,* if any.

Said vendor is the real party in interest.

## TWELFTH DEFENSE

Pursuant to 47 USC § 227 (c) Defendant is not liable to Plaintiff or any potential plaintiff as Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under that subsection. Said practices and procedures include but are not limited to maintaining written procedures, training personnel, and accessing the national do-not-call database to ensure compliance as well as maintaining a list of numbers not to contact and certifying compliance

No treble damages are available to Plaintiff or any potential plaintiff from Defendant are due to Defendant's lack of willfulness amounting to any violation of 47 USC § 227 *et sequitur,* if any.

## THIRTEENTH DEFENSE

Defendant is protected by the safe harbor provisions of 47 CFR § 64.1200 in that said messages, if any, were made in error by Defendant despite the practices implemented above.

## ANSWER OF DEFENDANT

1. Admitted.
2. Denied.
3. Admitted.

4. Admitted.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Admitted.

7. The quoted language speaks for itself and does not make an allegation for Defendant to admit or deny. Thus, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. The quoted language speaks for itself and does not make an allegation for Defendant to admit or deny. Thus, Defendant denies the allegations contained in in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denied.

19. Denied. The text thread PROVIDED BY PLAINTIFF shows the number receiving the alleged messaging as 706-928-9452, where Plaintiff claims the messages went to 541-XXX-9999.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Admitted.

24. Denied.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. The law speaks for itself as to the statement made by Plaintiff in paragraph 28 of the complaint. The remaining allegations are denied.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied. Plaintiff has suffered no damages, nor has anyone else suffered any damage for that matter based upon the allegations set forth in the Complaint.

39. Denied.

40. Denied.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied as to a. b. c. and d.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Paragraph 56 of the Complaint speaks for itself.

57. Paragraph 57 of the Complaint speaks for itself. Denied.

58. Paragraph 58 of the Complaint speaks for itself. Denied.

59. Paragraph 59 of the Complaint speaks for itself. Denied.

60. Paragraph 60 of the Complaint speaks for itself. Denied.

61. Paragraph 61 of the Complaint speaks for itself. Denied.

62. Denied.

63. Denied.

64. Denied.

## II.   COUNTERCLAIM

## COUNT ONE BAD FAITH

65. The text messages allegedly sent to Plaintiff came within 30 days of Defendant having allegedly signed up for the national do not call registry.

66. Plaintiff did not receive the text messages at the alleged number in the complaint – 541-XXX-9999.

67. Defendant timely ceased sending any messages to Defendant, if any were sent in the first place.

68. Defendant had written consent, signed by the owner of the number at issue, for the purpose of sending marketing text messages. Plaintiff acquired that number, and no notice was ever sent to Defendant that the number had changed hands.

69. As a matter of policy and in the regular course of business, Defendant requires all patients to execute documentation, which, among other things, includes a statement that: "I authorize Atlanta Medispa to contact me via text message and email for purposes including appointment reminders, scheduling, treatment follow-ups and marketing. I understand these communications may

not be secure and may carry some risk. I may opt out at any time by **<u>NOTIFYING THE PRACTICE</u>**."

70. Plaintiff was notified of these deficiencies in Plaintiff's case on or about August 7, 2025, via written notice.

71. Despite this notice Plaintiff persisted in carrying out the instant action and refused to dismiss its Complaint, forcing Defendant to file its answer and counterclaims.

72. In the 11th Circuit, federal courts, including bankruptcy courts, have the inherent authority to impose sanctions for bad faith conduct. A finding of bad faith is required before sanctions can be imposed under the court's inherent powers. Bad faith is demonstrated when an attorney or party knowingly or recklessly raises a frivolous argument, argues a meritorious claim for the purpose of harassment, delays or disrupts litigation, or hampers the enforcement of a court order. Sanctions are particularly appropriate when frivolous legal positions are supported by scandalous accusations. <u>Gwynn v. Walker</u> (In re Walker), 532 F.3d 1304.

73. The action initiated by Defendant is frivolous and the seriousness of the allegations combined with the lack of any evidentiary support or minimal investigation support a finding of bad faith. <u>Gwynn v. Walker</u> (In re Walker), 532 F.3d 1304, 1310.

74. Bad faith can be found when a party knowingly or recklessly pursues a frivolous claim, as this constitutes an abuse of the judicial process <u>Silva v. Pro Transp., Inc</u>., 898 F.3d 1335, <u>Peer v. Lewis</u>, 606 F.3d 1306.

75. In <u>Silva</u> bad faith was found where the prosecuting attorney knew or should have known that his claims were barred, and who could have found out as much easily. <u>Silva</u> at 1338. In <u>Peer</u>, because the attorney knew that his claim was frivolous before he filed a complaint, bad faith was clearly established. <u>Peer</u> at 1334.

76. Plaintiff and his counsel have refused to dismiss this action despite knowing they have no factual basis to support the claims made thereby.

77. Defendant has been forced to incur attorney fees in defense of this reckless and wanton disregard for the rights of Defendant.

78. For Plaintiff's bad faith and reckless disregard for the rights of Defendant, Plaintiff is liable to Defendant for Punitive Damages in an amount sufficient to deter future conduct.

WHEREFORE, Defendant Prays for the following relief:

a. That the court dismisses the action initiated by the Plaintiff;

b. That the court grant Defendant a reasonable award of attorney's fees and costs of responding in this action;

c. That the court sanction Plaintiff for knowingly initiating a frivolous action;

    d. That the court grant Defendant an award of Punitive Damages in an amount sufficient to deter future conduct of Plaintiff;

    e. That the court grant such further relief that the trier of fact deems just and proper under the circumstances.

Respectfully submitted this 14th day of August, 2025

/s/ *Ted Silverbach*
Ted Silverbach, Esq.
Attorney for Defendant
GA Bar No. 214078
Silverbach Law, PC
PO Box 589
Acworth, GA 30101
470-515-4918
ted@silverbachlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing Answer, Defenses, and Counterclaims of Defendant Atlanta Medical Day Spa and Surgery Center, LLC upon all parties to this matter by filing the same with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043
anthony@paronichlaw.com

Respectfully submitted this 14th day of August, 2025.


/s/ *Ted Silverbach*
Ted Silverbach, Esq.
Attorney for Defendant
GA Bar No. 214078
Silverbach Law, PC
PO Box 589
Acworth, GA 30101
470-515-4918
ted@silverbachlaw.net