UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | CIVIL ACTION FILE NO. 1:25-cv-04023-SDG |
| Plaintiff | |
| v. | **COMPLAINT – CLASS ACTION** |
| ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

# PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

## INTRODUCTION

Defendant Atlanta Medical Day Spa and Surgery Center, LLC's ("Atlanta Day Spa" or "Defendant") "Bad Faith" counterclaim does not state a claim. Indeed, the most basic of details to support any cause of action giving rise to a counterclaim are entirely absent. The Counterclaim does not properly allege that Mr. Wilson did anything procedurally or substantively improper—all he has done is filed a complaint for damages under the TCPA.

If Atlanta Day Spa ultimately wants to try to assert that it is entitled to a finding that the Plaintiff's conduct is in bad faith or to pursue sanctions, it is free to do so as the litigation proceeds. Atlanta Day Spa must not, however, be permitted to

weaponize its defenses in the litigation into unsupported counterclaims that provide her no right of action as an initial matter. Defendant is free to file a motion under Rule 11, 28 U.S.C. § 1927, or invoke this Court's inherent authority if it believes Plaintiff's claims lack factual or legal basis. What it cannot do is repurpose those procedural standards into a cause of action for damages. Atlanta Day Spa's Counterclaim must therefore be dismissed with prejudice because it does not sufficiently allege a cognizable legal claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD

A pleading must state a plausible claim to relief to survive dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the substantive law does not recognize the claim alleged, dismissal is appropriate. See *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

## LAW AND ARGUMENT

**I.  The counterclaim must fail under Rule 12(b)(6) because Atlanta Day Spa pleads no legal causes of action.**

Atlanta Day Spa's accusations in its "Bad Faith" counterclaim allege no legal causes of action. In so doing, Atlanta Day Spa ignores its own illegal conduct and sues Mr. Wilson for daring to hold Atlanta Day Spa to account for its

telemarketing. Even so, Atlanta Day Spa pleads nothing Mr. Wilson has done which could possibly come close to a cause of action because it merely relies on conclusory statements of the law and fails to apply them to the specific facts of this case.

FED. R. CIV. P. 8(a)(2) requires a plaintiff to show "a short and plain statement of the claim showing that the pleader is entitled to relief." The requirement that a plaintiff "show" that he is entitled to relief means that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint must be dismissed when the plaintiff fails to plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Atlanta Day Spa's "Bad Faith" cause of action arguments are insufficient under even the most liberal constructions of Rule 8.

### A. The Defendant's purported claim of "Bad Faith" is legally baseless as an Independent Cause of Action.

Under Georgia law, "bad faith" refers to the implied covenant of good faith and fair dealing, which cannot provide an independent basis for liability. *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 533 (2013); *Onbrand Media v. Codex Consulting, Inc.*, 286 Ga. App. 190, 196, 648 S.E.2d 396 (2007). The Eleventh Circuit has applied the same in *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d

3

1414, 1429 (11th Cir. 1990) holding that there is no independent claim for breach of good faith under Georgia law.

Atlanta Day Spa's counterclaim alleges no contract between the parties, no breach of any contract, and no statutory predicate.[1] It simply alleges abusive litigation conduct and Georgia law provides no independent tort of "Bad Faith" litigation for private damages. Indeed, the cases cited by Atlanta Day Spa do not support their stated proposition. First, *Gwynn v. Walker*, 532 F.3d 1304 (11th Cir. 2008) addressed the inherent power of federal courts to sanction parties for bad faith conduct in litigation, specifically in a bankruptcy context. The Eleventh Circuit explained that a finding of bad faith is a prerequisite to imposing sanctions under the court's inherent powers, but that does not mean it is a substantive tort claim a litigant may pursue for damages. The remaining cases relied upon by the Defendant are the same. *Silva v. Pro Transp., Inc.,* 898 F.3d 1335 (11th Cir. 2018) also involved appellate review of a sanctions award under the court's inherent authority, it does *not* hold that a party may sue its opponent for a damages award based on alleged bad faith litigation. The same goes for *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010), which likewise does not recognize "bad faith" as a cause of action under Georgia law or federal common law.

Federal courts have established, exclusive mechanisms for addressing

---

[1] *See* e.g., O.C.G.A. § 33-4-6 for insurer bad faith.

4

alleged misconduct during the course of litigation. *See e.g.* Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Furthermore, Courts under their inherent may sanction parties or counsel for bad faith conduct in litigation, including by awarding attorney's fees or, in extreme cases, dismissing claims or defenses. Critically, however, each of these remedies is procedural in nature and is invoked by the court upon motion or *sua sponte*. They are designed to curtail certain litigation conduct within the pending case, not to create a separate tort claim that may be tried to a jury. Courts applying Georgia law and federal common law have consistently rejected attempts to use allegations of litigation misconduct as a basis for an independent claim. *See Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306–07 (11th Cir. 2009). This Court should hold the same.

### B. Atlanta Day Spa doesn't plead sufficient facts to demonstrate "Bad Faith".

Atlanta Day Spa is frustrated that it has been sued for violating the TCPA. However, that hardly gives rise to a cause of action for sanctions under Rule 11 or for frivolous and vexatious litigation under Rule 11(b), let alone for an independent cause of action for "Bad Faith", which as discussed above doesn't exist. Even if it did, the pled basis for the "Bad Faith" claim results from conclusory, contradictory and, at times, non-sensical allegations.

*First*, the Defendant claims that the text messages came within 30 days of Defendant having allegedly signed up for the national do not call registry. *See* ECF

No. 9 at ¶ 65. This is a peculiar allegation that has nothing to do with the Plaintiff, instead all that can be derived is that the Defendant allegedly started to attempt to remove numbers that were called on the National Do Not Call Registry.

*Second*, "Defendant timely ceased sending any messages to Defendant, if any were sent in the first place". *Id.* at ¶ 66. While presumably a typographical error because the spa is not alleged to have sent messages to themselves, there is no "timely ceased" defense to a TCPA claim and this again does not have to do with the Plaintiff's conduct.

*Third*, the Defendant claims that it had the consent of who it believed to be the prior owner of the phone number and that "no notice was ever sent to Defendant that the number had changed hands.". *Id.* at ¶¶ 68-69. Atlanta Day Spa does not allege that the Plaintiff was somehow under notice to notify it of a number changing hands (if it even did in a way that impacts the litigation, Mr. Wilson has had the number for more than 10 years, as he alleges in his complaint). Additionally, "[e]xpress consent" is an "an affirmative defense" to a claim under the TCPA for which "the defendant bears the burden of proof." *Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017) ("Express consent is an affirmative defense on which the defendant bears the burden of proof."). Noteworthy, then, is that any defense Atlanta Day Spa asserts based on the circumstance that a prior owner cellular telephone number to them fails from the outset, as the Ninth Circuit

6

explained:

> When a caller who is otherwise subject to the TCPA phones someone who has not consented to its calls, can the caller avoid liability under the TCPA's ATDS prohibitions if the person it *intended* to call had consented to the calls? We have never answered this question. But the Seventh and Eleventh Circuits have, and they both rejected Credit One's same "intended recipient" interpretation. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251–52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 639–43 (7th Cir. 2012). The D.C. and Third Circuits have also voiced support for the Seventh and Eleventh Circuits' positions. *See ACA Int'l v. FCC*, 885 F.3d 687, 706 (D.C. Cir. 2018); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 325 & n.13 (3d Cir. 2015). Reviewing the district court's jury instructions de novo for legal error, *Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001), we agree with our sister circuits. Credit One's intent to call a customer who had consented to its calls does not exempt Credit One from liability under the TCPA when it calls someone else who did not consent.

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020); *see also Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 643 (7th Cir. 2012) ("We conclude that 'called party' in § 227(b)(1) means the person subscribing to the called number at the time the call is made."). In any event, the fact that Atlanta Med Spa believed that it had consent is simply a matter of an affirmative defense, not a basis for a claim. As such, any assertion of "Bad Faith" based on an inapplicable legal defense fails as a matter of law.

This is the sum total of Atlanta Med Spa's factual assertions to support their "Bad Faith" counterclaim other than alleging that they sent these "deficiencies" in a

letter. That letter is attached as <u>Exhibit 1</u>.² These facts simply don't amount to "bad faith", even if that was a valid cause of action, which it is not as discussed above.

No amount of re-pleading will save the counterclaim, either, because the "Bad Faith" claims does not advance any legally cognizable cause of action for which the Plaintiff can sue, let alone plead any injury. The counterclaim must therefore be dismissed under Rule 12(b)(6).

## CONCLUSION

Defendant is evidently upset that the Plaintiff caught it making illegal calls and sued. That's no basis for a counterclaim. Atlanta Day Spa pleads no legal basis for a counterclaim, no adequate facts for its counterclaim. For the aforementioned reasons, Plaintiff respectfully requests that this Court DISMISS Atlanta Day Spa's Counterclaim with prejudice.

---

² *Rodriguez v. DeKalb County,* No. 1:13-CV-03633-RWS, at 4–5 (N.D. Ga. June 20, 2014) (the court may consider "a document attached to a motion to dismiss … if the attached document is (1) central to the plaintiff's claim and (2) undisputed," citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Plaintiff's counsel has also redacted a settlement offer included in the letter.

Dated: August 16, 2025

                PLAINTIFF, individually and
                on behalf of others similarly situated,

                By:

                */s/ Anthony I. Paronich*
                Anthony I. Paronich (*pro hac vice*)
                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                [o] (617) 485-0018
                [f] (508) 318-8100
                anthony@paronichlaw.com

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1.C & 7.1.D**

Pursuant to L.R. 7.1.D, I certify that this document has been prepared with 14-point, Times New Roman font, approved by the Court in L.R. 5.1.C.

                */s/ Anthony I. Paronich*
                Anthony I. Paronich (*pro hac vice*)