# THE LAW OFFICE OF
# SHANNAN S. COLLIER, P.C.

| E-Mail Address | 100 GALLERIA PARKWAY, SUITE 1010 | TELEPHONE |
|---|---|---|
| shannan@sscollier.com | ATLANTA, GEORGIA 30339 | (404) 419-7113 |

*Licensed in Georgia
*Licensed in Florida

August 7, 2025

**SENT VIA FEDERAL EXPRESS**
**SENT VIA ELECTRONIC MAIL: cchinn@chinnlawfirm.com**
Chinn Law Firm, LLC
Attn:  Valerie Chinn
245 N. Highland Avenue, Suite 230, #7
Atlanta, GA 30307

    In re:    Chet Michael Wilson v Atlanta Medical Day Spa and Surgery Center, LLC
                  Civil Action File No. 1:25 cv 4023

Dear Ms. Chin:

I am legal counsel to and have been retained by Atlanta Medical Day Spa and Surgery Center, LLC to address the claims made in the above-reference Civil Action.  It appears that you have made some misrepresentations in the Complaint and are under some misconceptions regarding the series of events.  For your convenience, certain of the relevant information follows:

    First, my client did not and does not send "spam" text messages, whatsoever.  My client only sends messages to former and existing patients of the business.  Therefore, any allegation that my client engages in blind spam messages or similar activity is false and fraudulent and without basis or support.

    Second, my client uses a third party vendor to generate and send the text messages.  If the third party vendor failed to include any language required by law, then the claim will be against that vendor.

    Third, you expressly state that your client acquired the cellular telephone number approximately 5 years ago.  The number on file with my client that was included in its former and existing patients list is indicated as being owned by a patients who was seen over/approximately 10 years ago.  Thus, it is more likely than not that your client acquired the telephone number of my client's former patient.

    Fourth, my client requires and has always required that all patients execute documentation, which, among other things, includes a statement that: "I authorize Atlanta Medispa to contact me via text message and email for purposes including appointment reminders, scheduling, treatment follow-ups, and marketing. I understand these communications may not be secure and may carry some risk. I may opt out at any time by notifying the practice."  Consequently, my client had express consent to sent electronic messages to the cellular telephone number at issue as well as to each of its other former and existing patients in accordance with such terms.

According to the Complaint, your client received text messages on Friday, May 9, Tuesday, May 13, Tuesday, May 22, indicating that the only messages received by your client were over a period of no more than 13 days. Clearly, my client removed your client from the text service in a timely manner, indicating no malfeasance or maliciousness.

As my client engaged in no wrongful act, timely removed yours from its text messaging list, and did not blind spam any message to the cellular telephone number now owned by your client (or to any other party for that matter), there is no class action and there is no cause for damages by your client. This indicates that you and your client have proceeded with such Action for the sole purpose of harassment and to compel the payment of funds to which your client otherwise would not be entitled.

Notwithstanding each of the aforementioned facts which we are prepared to plead and the right to punitive damages to which my client will most likely be entitled should you elect to continue this charade now that you have a more clear picture of the actual facts surrounding this matter, ███████████████████████████████████████████████████████████████████████████████████████████████████████ Note: should my client be required to prepare an Answer to the Complaint or engage in litigation matters outside of this settlement, then the offer shall be revoked in the entirety and my client shall pursue all rights and remedies available in law and equity.

Finally, please allow this letter to serve as a formal letter of representation, giving you consent to discuss with me the matters herein addressed.

Notwithstanding this correspondence, my client specifically reserves all rights and remedies available. Nothing contained in this letter nor any act or omission to act by my client is intended or should be deemed to be a waiver or modification of any rights or remedies which my client may have, and all such rights and remedies whether in law or in equity are hereby expressly reserved by my client.

Thank you in advance for your attention to and cooperation in this matter.

Very truly yours,

/s/ Shannan Collier Stalvey
Shannan Collier Stalvey, Esq.

cc:     Atlanta Medical Day Spa and Surgery Center, LLC (via electronic mail)