## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION FILE NO. 1:25-cv-04023-SDG |
| Plaintiff | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

_____/

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Chet Michael Wilson ("Plaintiff") and Defendant Atlanta Medical Day Spa and Surgery Center, LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

    **(a)    Describe briefly the nature of this action.**

Plaintiff's Statement:

Plaintiff filed a class action complaint against Atlanta Medical Day Spa through which is it asserted Defendant violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

The Plaintiff asserts that the Plaintiff had no relationship with the Defendant. Noteworthy, then, is that any defense Defendant asserts—such as consent, ratification, or safe harbor—based on the circumstance that someone other than Plaintiff may have provided his cellular telephone number to Defendant—fails from the outset, as the Eleventh Circuit previously held:

> When a caller who is otherwise subject to the TCPA phones someone who has not consented to its calls, can the caller avoid liability under the TCPA's . . . prohibitions if the person it *intended* to call had consented to the calls? We have never answered this question. But the Seventh and Eleventh Circuits have, and they both rejected Credit One's same "intended recipient" interpretation. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251–52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 639–43 (7th Cir. 2012). The D.C. and Third Circuits have also voiced support for the Seventh and Eleventh Circuits' positions. *See ACA Int'l v. FCC*, 885 F.3d 687, 706 (D.C. Cir. 2018); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 325 & n.13 (3d Cir. 2015). Reviewing the district court's jury instructions de novo for legal error, *Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001), we agree with our sister circuits. ***Credit One's intent to call a customer who had consented to its calls does not exempt Credit One from liability under the TCPA when it calls someone else who did not consent***.

*N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020) (emphasis added); *accord Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265, 1267 (11th Cir. 2014) ("Because Breslow, the subscriber to the cell phone service, did not consent to Wells Fargo's calling via audial system, she is entitled to partial summary judgment."). That is, it does not matter that Defendant was

trying to call someone else from whom it may have had consent when it called Plaintiff.

Furthermore, in light of *Cherry v. Dometic Corp.*., 986 F.3d 1296, 1304 (11th Cir. 2021) ("We hold that administrative feasibility is not a requirement for certification under Rule 23. In doing so, we limit ascertainability to its traditional scope: a proposed class is ascertainable if it is adequately defined such that its membership is capable of determination."), the typical argument against certification of a wrong number class—that identifying class members will be difficult or onerous—cannot carry the day here.

It should also be noted that certification of TCPA classes like this one is far from an outlier. *See, e.g.*, *Samson v. United Healthcare Servs. Inc.*, No. 2:19-cv-00175, 2023 WL 6793973 (W.D. Wash. Oct. 13, 2023) (certifying a "wrong number" TCPA class over objection); *Head v. Citibank, N.A.*, 340 F.R.D. 145 (D. Ariz. 2022); *Williams v. PillPack LLC*, 343 F.R.D. 201 (W.D. Wash. 2022) (same); *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277 (D. Utah 2021) (same); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (same); *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-Goodman, 2018 WL 3145807 (S.D. Fla. June 26, 2018) (same), *decertified per agreement of the parties*, 2020 WL 1846165 (S.D. Fla. Mar. 18, 2020); *Lavigne v. First Cmty. Bankshares, Inc.*, No. 1:15-cv-00934-WJ/LF, 2018 WL 2694457 (D.N.M. June 5, 2018) (same); *West*

*v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295 (N.D. Cal. 2017) (same); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016) (same); *accord Brown v. DirecTV, LLC*, No. CV 13-1170 DMG (EX), 2021 WL 5755044 (C.D. Cal. Dec. 1, 2021) (denying a motion to decertify a "wrong number" TCPA class); *McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2017 WL 3895764 (N.D. Cal. Sept. 6, 2017) (certifying two "non-debtor" TCPA classes over objection).

As Judge Easterbrook wrote for the Seventh Circuit: "Class certification is normal in litigation under [the TCPA], because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013); *accord Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 656 (4th Cir. 2019) ("Given the remedial purpose of the TCPA, it is no surprise that its cause of action would be conducive to class-wide disposition.").

Finally, Defendant's suggestion that Plaintiff activated the subject number "solely for the purpose of drumming up litigation" is unfounded and has no basis in fact or law. However, Mr. Wilson has a unique cellular telephone number, (541) 999-XXXX. As a result, he is regularly inundated with unwanted telemarketing calls. As Mr. Wilson explained in a recently filed affidavit in another TCPA lawsuit: he has had the number (541) 999-XXXX for more than 5 years. *See* Affidavit of Chet Michael Wilson, *Wilson v. Easy Spirit, LLC,* Civil Action No. 25-cv-112, ECF

No. 26-1 (D. CT.). Mr. Wilson further explains that he "did not learn about the TCPA's protections until last year. Since then, I have filed numerous lawsuits against telemarketers that have called my number with unwanted pre-recorded messages and to my personal number that is on the National Do Not Call Registry." *Id.* at ¶ 10. Mr. Wilson further explains his basis for bringing such claims and explains that the assertion that he acquired a number to lay in wait to bring TCPA claims years later is flat wrong:

> I do not use multiple telephone numbers to manufacture TCPA cases. Indeed, I do not manufacture TCPA cases, period having acquired my telephone number well before I learned of the TCPA.
>
> I have never proactively created or found TCPA claims nor entrapped businesses. I do not welcome nor invite these illegal calls and have taken measures for them to stop, including by placing my number on the Do-Not-Call Registry and holding those who call me accountable for their actions.
>
> I was harmed by the Defendant's calls and text messages. Illegal calls are frustrating, obnoxious, and annoying. They are a nuisance and disturbed my solitude.
>
> I do not and have never welcomed nor wanted illegal calls and do nothing to receive or deserve them. My injury was done completely at the hands of Defendant, who took it upon itself to call me in violation of the TCPA.
>
> I brought this case as a class action because I know that there are likely thousands more people in a similar situation such as myself, having received calls from Defendant without their consent.

*Id.* at ¶ 11-15. The law is clear that generalized attacks on a plaintiff's credibility or purported "litigation history" do not relieve a defendant of its statutory obligations.

Defendant's speculation about Plaintiff's motives does not diminish the fact that Plaintiff's number was active, on the Do Not Call Registry, and received the challenged text messages.

<u>Defendant's Statement:</u>

Defendant Atlanta Medical Day Spa and Surgery Center, LLC denies that it violated the Telephone Consumer Protection Act ("TCPA").

Primarily, Defendant asserts that any text messages sent, if any, were sent via third party to numbers to which Defendant had prior authorization to send marketing messages.  Under 47 CFR 64.1200(m):

> A person will not be liable for violating the prohibitions under the "Prohibition on Autodialed or Prerecorded Calls to Cell Phones, Other Sensitive Numbers" and "Prohibition on Prerecorded Calls to Residential Lines" sections above by making a call to a number for which the person previously had obtained prior express consent of the called party as required in those same sections but at the time of the call, the number is not assigned to the subscriber to whom it was assigned at the time such prior express consent was obtained if the person….

Defendant further asserts that Plaintiff purchased this number which had belonged to a prior customer of Defendant's from approximately 10 years ago with whom Defendant had a relationship.  The number was dormant, and Plaintiff activated it soley for the purpose of drumming up litigation under the TCPA as Plaintiff has done in appoximately Fifty-Five (55) known cases across the nation.

Secondarily, Defendant states that it does not directly send text message

marketing campaigns but rather engaged a third-party marketing vendor to conduct promotional text campaigns on its behalf. Defendant contends that any text messages sent were intended to reach individuals who had provided their information or otherwise consented to receiving marketing communications. Defendant further asserts that it maintained policies and procedures designed to comply with the TCPA and did not knowingly authorize the transmission of unsolicited text messages to numbers on the National Do Not Call Registry. To the extent any text messages reached Plaintiff or other individuals without proper consent, such actions were the result of the third-party vendor acting outside the scope of it's authority. Said vendor lacked an agency relationship and as such defendant cannot be held vicariously liable. *Jones v. Mut. of Omaha Ins. Co.,* 639 F. Supp. 3d 537. Defendant denies liability for Plaintiff's claims, disputes that this case is appropriate for class certification, and reserves all available defenses.

Defendant further asserts that Plaintiff had no articulable facts of which he has observed through evidence of any kind that this case presents any likelihood or potential of a class of persons so negatively affected. As such, Defendant further states that class status must be denied.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>Plaintiff's Statement:</u>

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that text messages like the below we received:



Plaintiff alleges these calls were sent *en masse* to putative class members.

<u>Defendant's Statement:</u>

Defendant states that it does not itself engage in direct text message marketing. Rather, Defendant utilized a third-party marketing company to conduct the text campaign at issue. To the extent any texts were delivered to individuals without proper consent, such actions were undertaken by the third-party vendor outside the scope of any authority provided by Defendant. Defendant contends that it maintained policies and procedures designed to comply with applicable law and did not knowingly authorize the sending of unsolicited messages to persons on the Do Not Call Registry.

Defendant hired a third party to develop and run a text message marketing campaign.  The third party is known as Birdeye, Inc. ("Birdeye").  Birdeye  by contract was required to make and maintain policies and procedures to ensure messaging complied with the TCPA. Birdeye by contract had the duty develop, maintain and implement systems to ensure compliance with the "do-not-call" list. Birdeye is the real party in interest, and Defendant should be dismissed from this case.

Birdeye, Inc.'s principal place of business is **2479 E. BAYSHORE ROAD, SUITE 188 PALO ALTO, CA 94303.** Purusant to  28 U.S.C. § 1391 Georgia is the improper venue for this action. Defendant should not be a party to this action, as Defendant is not the real party in interest, therefore making the proper jurisdiction

the State of California.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's Legal Issues:

1.    Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.    Whether this action should be certified as a class action;

3.    Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4.    Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

Defendant's Legal Issues:

1.    Whether Plaintiff or (any putative class member) consented to receive text messages.

2.    Whether Plaintiff had a duty to give notice to vendors of his acquisition of a phone number previously owned by a third party.

3.    Whether Plaintiff was required to send immediate notice that he did not wish to be contacted.

4.    Whether any consent was provided to a third-party vendor and whether such consent is valid under the TCPA.

5.    Whether the Defendant can be held vicariously liable for the acts of the vendor.

6.    Whether Class Status should be denied.

7.    Whether common issues predominate given that consent must be analyzed individually for each putative class member.

8.    Whether Plaintiff can satisfy the requirements of Rule 23 for numerosity, commonality, typicality, and adequacy.

9.      Whether Plaintiff and putative class members are entitled to statutory damages and if so, whether such damages should be reduced based on good-faith compliance efforts or lack of willful misconduct.

10.     Whether such damages should be reduced due to Plaintiff's improper conduct.

11.     Whether claims are barred by arbitration agreements, releases, or other contractual defenses.

12.     Whether claims are time-barred under applicable statutes of limitation.

13.     Whether Plaintiff has standing to pursue claims on behalf of absent class members.

The parties reserve the right to amend, and/or add to this list of issues to be tried.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases: None.

(2)    Previously Adjudicated Related Cases: None.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

**Plaintiff states**

| | | |
|---|---|---|
| x | (1) | Unusually large number of parties |
| | (2) | Unusually large number of claims or defenses |
| x | (3) | Factual issues are exceptionally complex |
| x | (4) | Greater than normal volume of evidence |
| x | (5) | Extended discovery period is needed |
| | (6) | Problems locating or preserving evidence |
| | (7) | Pending parallel investigations or action by government |
| x | (8) | Multiple use of experts |
| | (9) | Need for discovery outside United States boundaries |
| | (10) | Existence of highly technical issues and proof |

11

  x____    (11) Unusually complex discovery of electronically stored information

Defendant denies that these factors apply to resolution of Plaintiff's claim:

There is only one Plaintiff involved in this case. Plaintiff has no idea whether anyone else is a member of a putative class, and has no articulable facts upon which to make such an assertion.  He is attempting to engage in a fishing expectation solely for the purpose of drumming up litigation and extorting money using the federal air-waives in violation of  provisions of the Feder Racketeering Influence and Corrupt Organizations Act.

Plaintiff is engaged interstate violation of various provisions of the Federal Trad Commission by drumming up litigation due to air waives sent across state lines in an enterprise between himself and his attorney.

The facts are simple.  This involves text messaging.

The volume of evidence is small. There is one Plaintiff who allegedly received three purportedly unauthorized text messages from this Defendant.

Extended discovery is NOT required.  Plaintiff is on a fishing expedition and has no evidence upon which to base a request for class status.

Experts are not necessary to tell us whether a text message is in violation of the TCPA. Jury instructions will suffice.

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:          Anthony Paronich
                                     Paronich Law, P.C.

Lead counsel for Defendant:          Edward "Ted" Silverbach
                                     Silverbach Law, P.C.

                                     Shannan Collier Stalvey
                                     Law Office of Shannan S. Collier

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐ **Yes**    ☒ **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant's Statement: Not at present with respect to Plaintiff's individual claim. Defendant reserves the right to compel arbitration against purported absent class member(s) who were not contacted in error.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**<u>Parties to This Action</u>:**

(a)    The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject text messages or calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

(b)    The following persons are improperly joined as parties:

None.

13

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

   <u>Defendant's response:</u> Defendant used at third party.  Defendant is improperly named as party defendant.

**6.    <u>Amendments to the Pleadings</u>:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

   (a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

   None at this time.

   (b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    <u>Filing Times for Motions</u>:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

*(a)*    ***Motions to Compel:***  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

*(b)*    ***Summary Judgment Motions:***  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

*(c)*    ***Other Limited Motions:***  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)*    ***Motions Objecting to Expert Testimony:***  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The Plaintiff proposes and request the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order.

Defendant requests that Plaintiff is subject to the local rules, and any standing orders requiring a deadline to file a motion for class status.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days prior to trial of the action.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by April 2, 2026

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by May 3, 2026; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by June 2, 2026.

**Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:**

None.

8. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not applicable.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in Local Rule 26.2A, responses

to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:

Defendant anticipates that discovery will be needed to address both the merits of Plaintiff's individual claims and issues relevant to class certification. Specifically, Defendant expects discovery to include: (1) Information regarding Plaintiff's use of and registration for telephone numbers including a complete list of all phone numbers registered to Plaintiff over the past five (5) years, in order to determine whether the number(s) at issue were personally registered to Plaintiff and whether they were placed on the National Do Not Call Registry. (2) Documents and communications reflecting any prior business relationship or interactions between Plaintiff and Defendant. (3) Evidence of any express consent, authorization, or permission that Plaintiff may have given directly or indirectly to Defendant or third-party marketing vendor. (4) Evidence concerning whether Plaintiff exercised any opt-out rights after receiving the initial text message, including records of any STOP or unsubscribe responses. (5) Expert testimony and electronically stored information concerning the technical aspects of the alleged calls and text messaging platform(s).

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that**

**discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases. The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be thirteen (13) months from the date of entry of this Scheduling Order.

**10. Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b)     Is any party seeking discovery of electronically stored information?

☒ **Yes**     ☐ **No**

**If "yes,"**

**(1)**     The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable

PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

   **(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11.** <u>**Other Orders:**</u>

  **What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**12.** <u>**Settlement Potential**</u>**:**

  **(a)** **Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on September 11, 2025 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                    */s/ Anthony Paronich*

For Defendant:                 */s/ Edward "Ted" Silverbach*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐    A possibility of settlement before discovery.

☒    A possibility of settlement after discovery.

☐    A possibility of settlement, but a conference with the judge is needed.

☐    No possibility of settlement.

**(c)    Counsel ☐ do    ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**13. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do    ☒ do not** consent to having this case tried before a magistrate judge of this court.

21

Respectfully submitted in this 15th day of September, 2025

/s/ Anthony I. Paronich

Anthony I. Paronich (admitted *pro hac vice*)

Paronich Law, P.C.

350 Lincoln Street, Suite 2400

Hingham, MA 02043

Tel: (617) 485-0018

anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*


Counsel for Defendant

/s/ Edward "Ted" Silverbach

Edward "Ted" Silverbach

Silverbach Law, P.C.

P.O. Box 589

Acworth, GA  30101

Tel: (470) 515-4918

ted@silverbachlaw.net

*Counsel for Defendant*