# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC,<br><br>Defendant, | CIVIL ACTION FILE NUMBER:<br>1:25-CV-4023 |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Atlanta Medical Day Spa and Surgery Center, LLC moves to dismiss the putative Class Action Complaint filed by Plaintiff Chet Michael Wilson. Plaintiff's Complaint fails to state a valid claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and its concomitant regulations, and the Georgia Mini-TCPA, O.C.G.A. § 46-5-27.  Also, Plaintiff lacks standing under well-settled Eleventh Circuit precedent and fails to plead the requisite elements of his claims, and does not plead sufficient facts to state any claims against Atlanta Medical Day Spa and Surgery Center, LLC. Accordingly, the Complaint should be dismissed.

## STATEMENT OF MATERIAL FACTS

On July 21, 2025, the Plaintiff in the above-titled case filed a complaint against the defendant alleging a violation of the TCPA arising from alleged receipt of unsolicited text messages.

Specifically, the Plaintiff is complaining about three text messages that were allegedly sent to the Plaintiff's cell phone between May 9, 2025, and May 22, 2025.

The Plaintiff alleges that these 3 text messages, sent over the course of 14 days, caused the alleged harm of 1) invasion of privacy, 2) intrusion into his life, and 3) private nuisance. Nowhere in the complaint does the plaintiff provide any specific details how these harms were manifested or affected him personally. Nor does he provide any details showing the Defendant's alleged actions were the proximate cause of any particularized harm suffered by the Plaintiff.

### I.   Introduction

<u>First</u>, Plaintiff lacks standing to pursue Count 1 of this action. In accordance with **<u>Salcedo v. Hanna</u>, 936 F.3d 1162 (11th Cir 2019)** and its' progeny, Plaintiff has failed to allege sufficient allegation to show that he suffered any cognizable harm associated with his alleged receipt of three text messages over fourteen days. As such he lacks Article III standing and the claim should be dismissed.

<u>Second,</u> the Plaintiff failed to demonstrate essential statutory prerequisites, including proof of registration with the National Do Not Call Registry.

<u>Third</u>, Plaintiff failed to take reasonable steps to mitigate any alleged damages, including responding "STOP" or otherwise requesting that messages cease.

Because Plaintiff cannot establish standing and fails to state a claim upon which relief can be granted, dismissal is warranted.

## II. LEGAL STANDARD

"To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they have suffered a concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). A Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, and must set forth more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678

Article III standing requires a concrete harm that is not automatically satisfied be a mere showing that the Defendant violated a statute that grants the plaintiff a right to sue. *Trichell v. Midland Credit Mgmt., Inc.* 964 F.3d 990, 997 (2020). **"Article III standing requires a concrete injury even in the context of a statutory violation."** *Id.*

## III. ARGUMENT

### A. Plaintiff Lacks Standing Under the TCPA

Article III standing requires Plaintiff to demonstrate (1) an injury in fact, (2) traceability, and (3) redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A bare statutory violation, divorced from concrete harm, does not confer standing.

In order to establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

As relevant here, in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), the Eleventh Circuit held that the receipt of a single text message does not amount to an injury in fact for purposes of establishing Article III standing. *Id.* at 1172 ("receiving a single text message . . . is not a basis" to establish standing). **Courts in this Circuit have likewise held that the receipt of up to five text messages is insufficient to confer standing.** See *Eldridge v. Pet Supermarket, Inc.*, No. 18-cv-22531, 2020 WL 1475094, at *8 (S.D. Fla. Mar. 10, 2020) (Williams, J.) (dismissing five-text-message TCPA case as insufficient to confer standing).

In this case, Plaintiff has only alleged that he received 3 text messages, none of which were received on consecutive days or even on the same day, and which were allegedly received over the course of a week. As in the binding and persuasive 11th Circuit cases listed *supra,* these text messages could not confer standing,

especially since the very moment Defendant discovered the alleged incidental violation, Defendants ceased sending any further messages.

On a practical note, in addition, how this could possibly interfere with Plaintiff, how this could possibly cause a nuisance, or how this could possibly invade his privacy is baffling. This is especially true since this Plaintiff is a professional plaintiff litigant in this area of law seeing that he has filed more than 55 cases under the TCPA, 36 of which have been filed in 2025, 47 of which with his current lawyer. See *Telephone Science Corp. v. Asset Recovery Solutions, LLC*, 15-CV-5182, 2016 (ND Ill.).

To such ends, the cases tend to refute harm as a possibility in the context of text messages, especially when the Plaintiff seems to sue people under the TCPA for a living.

Plaintiff has not pled sufficient harm. Instead, Plaintiff alleges that the text messages here caused him harm in the form of "invasion of privacy, an intrusion into his life, and a private nuisance." Allegations of harm beyond nuisance, annoyance, or feigned invasion of privacy is required to confer standing in this Circuit for allegations concerning receipt of text messages.

Additionally, Plaintiff did not allege any "objectively intense interference" with his private space, infringement of real property rights, or the Defendant's exercise of complete dominion over his cell phone, even for a limited time. See

*Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 921 (11th Cir. 2020) (holding that "a party does not have standing to sue when it pleads only the bare violation of a statute").

Moreover, under 47 U.S.C. § 227(c)(5), only a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a claim. The regulations implementing this provision, 47 C.F.R. § 64.1200(c)(2), require that a number be registered on the National Do Not Call Registry to invoke its protection.

Plaintiff has provided no proof that his number was registered on the National Due Not Call Registry at the time of the alleged text messages. Without such proof, Plaintiff cannot demonstrate that he has standing to assert a private cause of action under 47 U.S.C. § 227(c).

As such, this court lacks jurisdiction to hear this matter and the case must be dismissed as the complaint is facially defective.

### B. Plaintiff Failed to Mitigate Any Alleged Damages

Even assuming arguendo that Plaintiff's number was eligible for protection, Plaintiff failed to mitigate damages. Courts have recognized that TCPA plaintiffs cannot deliberately allow text messages or calls to accumulate where simple remedial steps are available.

The industry-standard and federally recognized opt-out method for text communications is to reply "STOP." See, e.g., 47 C.F.R. § 64.1200(d)(3). Plaintiff does not allege that he replied "STOP," contacted Defendant, or otherwise requested removal from further communications.

By failing to mitigate, Plaintiff cannot establish either an injury sufficient to confer standing or damages that are cognizable under TCPA.

### C. Plaintiff's Complaint Fails to State a Claim

Plaintiff's Complaint does not plausibly allege facts that, if true, would support relief under the TCPA. Mere conclusory assertions that "Defendant violated the TCPA" are insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Because Plaintiff has failed to allege essential statutory elements, including but not limited to proof of registration on the DNC list and proper opt-out procedures, his TCPA count fails as matter of law.

### I. CONCLUSION

Federal courts are obligated to ensure that Article III standing exists, as it is a prerequisite for jurisdiction. This principle is consistently reinforced in cases such as "*Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229," which highlights that a plaintiff without an injury in fact lacks Article III standing, and federal courts do not have jurisdiction over such complaints.

Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." U.S. Const Art. III § 2. The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004).
Id at 1232…..

Stalley does not allege that he has suffered any injury that would support Article III standing.

In Staley, dismissal was upheld on the grounds that the Complaint failed to allege proper harm and thus did not confer standing. Accordingly, this court Too should dismiss this action as Defendant here has failed to allege proper standing. For the foregoing reasons, Defendant respectfully requests that the Court grant this motion, dismiss Plaintiff's complaint with prejudice, award Defendant fees and costs to the fullest extent permitted by law, and grant such other relief as the Court deems just and proper.

Dated: October 3, 2025

**SILVERBACH LAW, P.C.**

*/s/ Ted Silverbach*
Ted Silverbach
Georgia Bar No.: 214078
*Attorney for Plaintiff*
ted@silverbachlaw.net

SILVERBACH LAW, P.C.
P.O. Box 589
Acworth, GA  30101
(470) 515-4918

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing DEFENDANT'S MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record who are registered participants.

This 3rd day of October, 2025.

                                        /s/ Ted Silverbach
                                       Ted Silverbach
                                       Georgia Bar No. 214078
                                       Attorney for Defendant
                                       SILVERBACH LAW, P.C.
                                       P.O. Box 589
                                       Acworth, GA 30101
                                       (470) 515-4918
                                       ted@silverbachlaw.net