## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON,**<br>**Individually and on behalf of all others**<br>**similarly situated,** | |
| | **CIVIL ACTION FILE NUMBER:**<br>**1:25-CV-04023-SDG** |
| **Plaintiff,** | |
| **vs.** | |
| **ATLANTA MEDICAL DAY SPA AND**<br>**SURGERY CENTER, LLC,** | |
| **Defendant,** | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY

COMES NOW, Defendant Atlanta Medical Day Spa and Surgery Center, LLC ("Defendant"), by and through the undersigned counsel, and make the following responses to Plaintiff's First Set of Discovery:

1.    Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

The following individuals provided information in response to interrogatories in this case:

- Bryan Turner- Provided information through text messages, email communications, and verbal conversations regarding the subject matter of these interrogatories.

- Sydney Allen Turner- Provided information through email communications and verbal conversations regarding the subject matter of these interrogatories.

2.     Identify all employees or vendors involved in making outbound calls as part of any campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**ANSWER:**

- **Employee:**  Kim Dalla Vanesia (Front Desk Coordinator)

- **Vendor:**   Birdeye (provides review and reputation management services)

3.     Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:

- **Kim Dalla Vanesia** served as the front desk coordinator for the practice. Her work included patient intake and billing, answering and

directing phone calls, sending appointment reminders, and organizing and distributing marketing text messages and emails.

- **Birdeye** is a system utilized by the business to send appointment reminders, emails, text messages, and marketing information. The system pulls patient information from the practice's electronic medical record system to facilitate those communications.

4.     Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**ANSWER:**

Defendant is not aware of any third parties or sub-vendors used by the vendors identified in response to Interrogatory No. 2. Accordingly, this interrogatory is not applicable.

5.     Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

No direct conversations were had with Plaintiff. All communications were conducted through Plaintiff's legal team. In July, an email was sent by Sydney Allen Turner in response to the initial complaint.

6.     If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts, document(s), data field(s) and system(s) in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**<u>ANSWER:</u>**

The telephone number **(541)-999-9999** appears in Defendant's electronic medical records system as patient contact number. Patients are added to the system with a signed consent form authorizing the practice to send text and email communications, including appointment reminders and marketing information. Based on Defendant's records, this number was added nearly ten (10) years ago. The original consent forms are no longer available because records of that age are not retained by the practice.

7.     If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**<u>ANSWER:</u>**

Not applicable. Defendant does not contend that a third party made the calls alleged in the Complaint.

8.     If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

**ANSWER:**

Defendant does not contend that a third party provided Plaintiff's phone number. As stated in response to Interrogatory No. 6, the telephone number **(541)-999-9999** appears in Defendant's electronic medical records system as Plaintiff's patient contact number, entered at the time of intake nearly ten (10) years ago pursuant to the consent form process.

9.     Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

Not applicable. Defendant has had no communications with any third party, other than counsel, regarding this lawsuit.

10.     Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

Birdeye is a software system that is integrated with the practice's operating system. It provides messaging, email, and text communications to patients who have signed a consent form authorizing such communications.

11.     State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

With our original communication, Defendant stated that the telephone number at issue was provided to the practice by a former patient. That number has since been acquired and utilized by Plaintiff. Until the most recent marketing campaigns, Defendant had not drawn from those patient numbers for outreach. Using the Birdeye software system, the communications at issue were sent. Upon receipt of the request from Plaintiff's attorney, Oliver, to remove Plaintiff's number from further communications, Defendant immediately complied and confirmed removal in a communication to Oliver, also explaining the unique circumstances surrounding the number. Defendant believes that it acted promptly, reasonably, and in good faith to address and correct the situation once notified.

12.    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

None. Defendant has not disciplined, reprimanded, or taken any similar action against any person in connection with the allegations regarding outbound calls.

13.     Identify all litigation, arbitration, or pre-suit complaints (other than this case) alleging TCPA or telemarketing violations against you or any vendor during the Relevant Time Period.

**ANSWER**:

None. Defendant has not been involved in any litigation, arbitration, or pre-suit complaints, outside of this case, alleging TCPA or telemarketing violations.

14.     Identify and describe all procedures you contend constitute a "safe harbor" under the TCPA, including any reliance on 47 C.F.R. § 64.1200(c)(2)(i) and associated documents that support such an assertion.

**ANSWER**:

Defendant contends that it maintained procedures reasonably designed to comply with the Telephone Consumer Protection Act ("TCPA") and the safe harbor provisions set forth in 47 C.F.R. § 64.1200(c)(2)(i). Specifically, Defendant required patients to sign consent forms authorizing text and email communications, including appointment reminders and marketing information, prior to entry into the practice's electronic medical record system. Defendant utilized the Birdeye software system, which is integrated with the practice's operating system and designed to send communications only to patients with signed consent forms on file.

Additionally, when Defendant was notified by Plaintiff's attorney that Plaintiff's number should no longer receive communications, Defendant promptly

removed the number from the system and confirmed removal in writing. Defendant believes these practices reflect reasonable reliance on procedures intended to avoid unlawful communications, consistent with the TCPA safe harbor.

15.    Identify all persons most knowledgeable regarding your telemarketing compliance, vendor oversight, and use of dialing platforms during the Relevant Time Period.

**ANSWER**:

Defendant identifies **Birdeye**, the software system integrated with the practice's operating system, as the most knowledgeable resource regarding telemarketing compliance, vendor oversight, and the use of dialing and messaging platforms during the Relevant Time Period.

**DOCUMENT REQUESTS**

1.    Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

2.    Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

3.    Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

4.    Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:**

After a reasonable search and inquiry, Defendant has no documents in its possession, custody, or control responsive to this Request. Defendant further states that there are no documents reflecting any failure by a vendor in connection with the allegations of this case.

5.    Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

Defendant has no documents in its possession, custody, or control responsive to this Request.

6.    All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

Defendant has no documents in their possession, custody, or control responsive to this Request. Phone number in question was provided by a former patient as their contact information.

7.    All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

Defendant has no documents in their possession, custody, or control responsive to this Request. Phone number in question was provided by a former patient as their contact information.

8.     All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

9.     All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

10.    All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

11.    All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

Defendant has no documents in their possession, custody, or control responsive to this Request. Phone number in question was provided by a former patient as their contact information.

12.    All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:**

Defendant has no documents in their possession, custody, or control responsive to this Request. Phone number in question was provided by a former patient as their contact information.

13.    Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**<u>RESPONSE:</u>**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

14.    Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**<u>RESPONSE:</u>**

Defendant has no documents in their possession, custody, or control responsive to this Request. Phone number in question was provided by a former patient as their contact information.

15.    Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to

construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying prior express consent;

c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

16.    Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors:

a) the date and time of the call or text;

b) any recorded message or script used;

c) the disposition or result of the call (e.g., live answer, voicemail, wrong number, opt-out, disconnected);

d) identifying information for the recipient (e.g., name, number dialed, lead source, or other associated fields);

e) any scrub results (including against internal do-not-call lists, the National Do-Not-Call Registry, and any reassigned number database); and

f) any coding or notation indicating "wrong number," "do not call," "opt-out," or similar.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

17.    All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

18.     All training materials, PowerPoints, or compliance certifications provided to employees or vendors regarding the TCPA.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

19.     All communications between Defendant and Birdeye, Inc. (or any other vendor) concerning campaign setup, lead sources, or consent verification.

**RESPONSE:**

After a reasonable search and inquiry, Defendant states that he does not have possession, custody, or control of any documents responsive to this Request at this time. Defendant reserves the right to supplement this response in accordance with Federal Rule of Civil Procedure 26(e) should any responsive documents come into his possession, custody, or control.

Respectfully submitted this 9th day of October, 2025.

SILVERBACH LAW, P.C.

*/s/ Ted Silverbach*
Ted Silverbach
Georgia Bar No.: 214078
*Attorney for Defendant*
ted@silverbachlaw.net

SILVERBACH LAW, P.C.
P.O. Box 589

Acworth, GA  30101
(470) 515-4918