IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON,** Individually, and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>vs.<br><br>**ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC,**<br><br>**Defendant,** | **CIVIL ACTION FILE NUMBER: 1:25-CV-4023** |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

**INTRODUCTION**

Plaintiff's Opposition rests on a rigid and incomplete view of Rule 12(b). Contrary to Plaintiff's argument, it is **not mandatory** for a court to deny a motion to dismiss simply because it follows the filing of an Answer. *Equitable Life Assurance Soc. v. Saftlas*, 35 F. Supp. 62, 1940 U.S. Dist. LEXIS 2464 (D. Pa. 1940). Rule 12 exists to promote efficient resolution of legal issues—not to trap parties or the Court in procedural formalism. As recognized in *Ilan-Gat Engineers, Ltd., A.G./S.A. v. Antigua International Bank*, 659 F.2d 234 (212 U.S. App. D.C. 188) (1981), motions under Rule 12(b) "are not automatically waived" when not made in

a responsive pleading, and the Court should, "in equity and good conscience, consider the timing of the motion and the reasons for delay in weighing the extent to which the moving party would be prejudiced by separate actions." Id. at 239. Accordingly, this Court retains full discretion to reach the merits and should do so here.

## I. EQUITABLE PRINCIPLES AUTHORIZE CONSIDERATION OF DEFENDANT'S MOTION

Courts have repeatedly held that post-answer Rule 12 motions may be entertained in the Court's equitable discretion. *Equitable Life Assurance Soc. v. Saftlas*, 35 F. Supp. 62 (D. Pa. 1940) ("It is not mandatory for the court to deny motions to dismiss made after answer is filed."). Likewise, *Dart Drug Corp. v. Corning Glass Works*, 480 F. Supp. 1091, 29 Fed. R. Serv. 2d (Callaghan) 541 (D. Md. 1979), held that it is an appropriate exercise of discretion to entertain such a motion "where the grounds offered for the motion were not available at the time" the responsive pleading was due, since "a complaint is always vulnerable to challenge for legal sufficiency."

The equitable reasoning of *Ilan-Gat* and *Dart Drug* applies squarely here. Defendant acted promptly upon identifying the jurisdictional and legal deficiencies in Plaintiff's pleading, and Plaintiff demonstrates no prejudice from the timing. Addressing those defects now promotes judicial economy and avoids duplicative briefing under a later procedural label.

## II. ALTERNATIVELY, THE MOTION SHOULD BE TREATED AS A RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Should the Court determine that a Rule 12(b) motion is technically unavailable post-Answer, the same arguments may be considered under Rule 12(c). The only distinction between the two is procedural timing:

"The only difference between a motion to dismiss and a motion for judgment on the pleadings is that the motion to dismiss may be filed prior to the time that a responsive pleading is required, while the motion for judgment on the pleadings may be filed at any time after the pleadings have been closed." *Frabutt v. New York, C. & S. L. R. Co.*, 84 F. Supp. 460, 1949 U.S. Dist. LEXIS 2677 (D. Pa. 1949).

Federal courts routinely apply this principle. In *Asebedo v. Kansas State Univ.*, 559 Fed. Appx. 668, 97 Empl. Prac. Dec. (CCH) ¶ 45034, 122 Fair Empl. Prac. Cas. (BNA) 1, 2014 U.S. App. LEXIS 4935 (10th Cir. 2014) (unpublished), the court held that because the employer filed its motion to dismiss after answering, "the motion was most appropriately considered as a motion for judgment on the pleadings." Thus, even if styled differently, Defendant's motion is procedurally proper and ripe for determination on the pleadings.

## III. EQUITY AND FAIRNESS WEIGH AGAINST MECHANICAL DENIAL

The discretionary approach outlined above balances timeliness against prejudice. In *Marder v. Food Fair Stores, Inc.*, 157 F. Supp. 553, 1957 U.S. Dist.

LEXIS 2543 (D. Pa. 1957), the court denied untimely motions where the delay was excessive and unfair to the plaintiff after 18 months of litigation. No such prejudice exists here. Discovery has not yet proceeded, and Plaintiff will suffer no disadvantage from the Court's consideration of purely legal questions. Denying the motion on timing alone would elevate procedure over substance.

## IV. SUBJECT-MATTER JURISDICTION AND STANDING MAY BE CHALLENGED AT ANY TIME

Finally, challenges to Article III standing are jurisdictional and can never be forfeited. *Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A federal court must ensure standing exists "at all stages of the case." *Davis v. FEC*, 554 U.S. 724, 732 (2008). Because standing implicates the Court's constitutional authority to adjudicate, Defendant's Rule 12(b)(1) challenge remains timely as a matter of law.

## CONCLUSION

Under *Ilan-Gat Engineers* and the line of cases recognizing equitable discretion, Defendant's Rule 12(b) motion is properly before this Court. It is not mandatory to deny the motion solely because it follows an Answer, and the Court may, in its discretion, treat it as a motion for judgment on the pleadings under Rule 12(c). Moreover, the jurisdictional challenge to standing must be addressed at any stage of the proceedings.

Accordingly, Defendant respectfully requests that the Court:

1. Consider Defendant's motion on the merits under Rule 12(b) or, in the alternative, under Rule 12(c); and

2. Dismiss Plaintiff's Complaint with prejudice for lack of standing and failure to state a claim upon which relief can be granted.

Respectfully submitted this 14th day of October, 2025.

**SILVERBACH LAW, P.C.**

*/s/ Ted Silverbach*
Ted Silverbach
Georgia Bar No.: 214078
*Attorney for Defendant*
ted@silverbachlaw.net

SILVERBACH LAW, P.C.
P.O. Box 589
Acworth, GA  30101
(470) 515-4918

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Defendant's Reply in Support of Motion to Dismiss upon all parties to this matter by filing the same via the Court's CM/ECF system, which will automatically send notice to all counsel of record.

This 14th day of October, 2025.

*/s/ Ted Silverbach*
Ted Silverbach
Georgia Bar No.: 214078
*Attorney for Defendant*
ted@silverbachlaw.net