IN THE UNTITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC,<br><br>Defendant, | CIVIL ACTION FILE NUMBER:<br>1:25-CV-4023-SDG |

## DEFENDANT'S REQUEST FOR ORAL ARGUMENT

## ON MOTION TO DISMISS

Defendant Atlanta Medical Day Spa and Surgery Center, LLC, pursuant to Local Rule 7.1(E) of the Northern District of Georga and this Court's inherent authority to manage its docket, respectfully requests that the Court schedule oral argument on Defendant's pending Motion to Dismiss.

## GROUNDS FOR REQUEST

1. **Dispositive Article III Standing Issue.**

Defendant's Motion presents a threshold jurisdictional question: whether Plaintiff's alleged receipt of three text messages over a fourteen-day period constitutes a concrete injury sufficient to confer Article III standing under

controlling Eleventh Circuit precedent, including *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020), and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). This issue is dispositive of the Court's subject-matter jurisdiction and warrants focused discussion.

2. **Sufficiency of Alleged Harm.**

Plaintiff pleads only generalized assertions of "invasion of privacy," "intrusion," and "private nuisance" without any factual allegations describing a particularized, real-world injury. Defendant's Motion demonstrates that such conclusory allegations are insufficient to establish the concrete harm required in this Circuit.

3. **Pleading Deficiencies Under Federal Standards.**

Defendant further contends that the Complaint fails to state a claim upon which relief can be granted because it relies on formulaic recitations rather than factual content. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual matter to state a claim that is plausible on its face); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (pleadings must contain more than labels, conclusions, or a formulaic recitation of the elements). Oral argument will assist the Court in evaluating whether the Complaint meets these governing standards.

4. **Judicial Economy.**

A brief hearing will aid the Court in resolving these purely legal questions of federal jurisdiction and pleading sufficiency and may eliminate the need for further briefing.

## REQUESTED RELIEF

Defendant respectfully requests that the Court:

1. Schedule oral argument at the Court's convenience on Defendant's Motion to Dismiss; and

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of February, 2026.

**SILVERBACH LAW, P.C.**

*/s/ Ted Silverbach*
Georgia Bar No.: 214078
*Attorney for Defendant*

*SILVERBACH LAW, P.C.*
4439 Carnes Street, #8
Acworth, GA 30101
(470) 515-4918
ted@silverbachlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Request for Oral Argument using the CM/ECF system, which will automatically serve all counsel of record.

This 5th day of February, 2026.

**SILVERBACH LAW, P.C.**

*/s/ Ted Silverbach*
Georgia Bar No.: 214078
*Attorney for Defendant*

*SILVERBACH LAW, P.C.*
4439 Carnes Street, #8
Acworth, GA 30101
(470) 515-4918
ted@silverbachlaw.net