IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHET MICHAEL WILSON, *individually and on behalf of all others similarly situated*,<br>  Plaintiff,<br><br>                  v.<br><br>ATLANTA MEDICAL DAY SPA AND SURGERY CENTER, LLC,<br>  Defendant. | Civil Action No.<br>1:25-cv-04023-SDG |

**OPINION AND ORDER**

This case is before the Court on motions to dismiss filed by Plaintiff Chet Michael Wilson and Defendant Atlanta Medical Day Spa and Surgery Center, LLC (AMDS) [ECFs 10, 12]. Wilson has plausibly alleged that AMDS violated the Telephone Consumer Protection Act (TCPA), and therefore AMDS' motion is **DENIED**. AMDS' counterclaim does not contain a recognized cause of action for "bad faith," and therefore Wilson's motion is **GRANTED**, and AMDS' counterclaim is **DISMISSED**.

1

**I.  BACKGROUND**[1]

This is a putative class action under the TCPA, 47 U.S.C. § 227, *et seq.* Wilson is an Oregon resident.[2] AMDS is a business located in this district.[3] In May 2025, Wilson received three marketing text messages from AMDS to his personal cell phone.[4] Wilson received these messages despite having registered his phone number on the National Do Not Call Registry more than 30 days prior.[5] Wilson believes the messages were intended for someone other than him, but nevertheless he did not request or consent to receiving them.[6]

Wilson filed a class action complaint against AMDS in July 2025.[7] In early August, counsel for AMDS sent a rather sharply worded letter to Wilson's counsel, asserting that Wilson's complaint contained several misrepresentations and was

---

[1]  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[2]  ECF 1, ¶¶ 5, 9.

[3]  *Id.* ¶ 6.

[4]  *Id.* ¶¶ 10, 20.

[5]  *Id.* ¶ 17.

[6]  *Id.* ¶¶ 22–25.

[7]  ECF 1.

filed to harass AMDS.[8] Apparently unsatisfied with Wilson's response, AMDS then filed an answer and counterclaim for "bad faith."[9] Wilson moved to dismiss the counterclaim as failing to state a claim.[10] AMDS subsequently moved to dismiss Wilson's complaint for lack of standing and failure to state a claim.[11] AMDS did not respond to Wilson's motion, but AMDS' motion is fully briefed;[12] in any case, the time to respond to Wilson's motion has long expired, *see* LR 7.1(B), NDGa ("Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion.").

## II.  DISCUSSION

AMDS' motion to dismiss challenges Wilson's standing to bring his lawsuit, which goes to this Court's subject matter jurisdiction, and so the Court will address it first. Because Wilson has standing to bring his TCPA claim, as recognized in a recent Eleventh Circuit *en banc* decision, and Wilson has plausibly alleged that claim, AMDS' motion is denied. Turning to Wilson's motion to dismiss, because

---

[8]  ECF 10-1. The Court notes that AMDS' counsel of record is different than counsel who signed this letter, but the Court encourages all counsel in this case to adopt a more measured approach to this litigation.

[9]  ECF 9.

[10]  ECF 10.

[11]  ECF 12.

[12]  ECFs 13, 15.

AMDS' counterclaim fails to state a recognized cause of action for "bad faith," Wilson's motion is granted, and the counterclaim is dismissed.

### A. AMDS' Motion to Dismiss

#### 1. Wilson has standing to bring a TCPA claim.

Article III of the Constitution limits federal courts to consideration of cases and controversies. U.S. Const. art. III, § 2. The doctrine of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Supreme Court has held that standing contains three elements: (1) an actual or imminent injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) likelihood that the injury will be redressed by the court. *Id.* at 560–61.

AMDS' argument that Wilson has not sufficiently alleged standing in his complaint is a facial attack on the Court's subject matter jurisdiction, and therefore "the allegations in [Wilson's] complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). AMDS contends that the Eleventh Circuit's decision in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), compels the Court to conclude that Wilson cannot allege a sufficient injury as a matter of law.[13] Indeed, *Salcedo* held that the plaintiff's receipt of one unsolicited text message in violation of the TCPA did not

---

13   ECF 12, at 4–5.

establish Article III standing, *id.* at 1172, and similarly here, Wilson received three unsolicited text messages.[14] But, as Wilson points out, *Salcedo* was abrogated on this point by the Eleventh Circuit sitting *en banc* in *Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023), which held that "the receipt of an unwanted text message causes a concrete injury." *Id.* at 1345. Thus, under *Drazen*, Wilson has standing to pursue his claim.

### 2. Wilson has plausibly alleged a TCPA claim.

As a preliminary matter, the Court notes that AMDS' motion to dismiss for failure to state a claim—filed after its answer—is procedurally proper. Fed. R. Civ. P. 12(h) provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." In turn, Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." AMDS' motion was filed after the pleadings were closed, but nowhere near late enough to delay trial. Thus, AMDS' motion to dismiss is timely under Fed. R. Civ. P. 12(c).

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a

---

[14] ECF 1, ¶ 20.

cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim, "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads facts sufficient for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

AMDS argues that Wilson fails to state a TCPA claim because: (1) Wilson did not provide "proof" that his number was registered on the National Do Not Call Registry, as required to allege a violation of 47 U.S.C. § 227(c)(5); and (2) Wilson failed to mitigate his damages by, for example, replying "STOP" to AMDS' messages.[15]

Of course, a motion to dismiss for failure to state a claim is not a matter of "proof," but asks whether the complaint's factual allegations, accepted as true, state a plausible claim for relief. The TCPA creates a private right of action for a person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). One such regulation is 47 C.F.R. § 64.1200(c)(2), in which the Federal Communications Commission "established the national [Do Not Call] registry and issued a regulation prohibiting any 'person or entity' from 'initiat[ing] any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *Radvansky v. Kendo Holdings, Inc.*, 744 F. Supp. 3d 1314, 1317 (N.D. Ga. 2024). Wilson alleges that he

---

[15] ECF 12, at 5–7.

registered on the National Do Not Call Registry more than 30 days prior to receiving three messages from AMDS.[16] This is sufficient to allege a violation of § 227(c). *See, e.g.*, *id.* at 1319–20 (holding that the plaintiff may bring a claim under § 227(c)(5) based on allegations that he received 17 text messages from the defendant more than 30 days after placing his number on the National Do Not Call Registry).

Lastly, AMDS has presented no authority for the proposition that a TCPA plaintiff fails to state a claim where he purportedly does not mitigate damages.[17] Conversely, there is considerable authority for the proposition that "the TCPA does not impose a duty to mitigate." *Fillichio v. M.R.S. Assocs., Inc.*, No. 09-61629-CIV, 2010 WL 4261442, at *5 (S.D. Fla. Oct. 19, 2010) (collecting cases). At a minimum, AMDS has failed to show that Wilson failed to mitigate his damages as a matter of law, such that he fails to state a TCPA claim.

Accordingly, AMDS' motion to dismiss is **DENIED**.

### B. Wilson's Motion to Dismiss AMDS' Counterclaim

AMDS brings a single counterclaim for "bad faith," alleging variously that Wilson did not sign up for the National Do Not Call Registry more than 30 days before receiving AMDS' messages; Wilson did not receive the messages on his

---

[16] ECF 1, ¶ 17.

[17] ECF 12, at 6–7.

personal cell number; AMDS timely ceased sending messages to Wilson; and the prior owner of Wilson's phone number had consented to the messages.[18] The counterclaim also references several Eleventh Circuit decisions: *In re Walker*, 532 F.3d 1304 (11th Cir. 2008); *Silva v. Pro Transp., Inc.*, 898 F.3d 1335 (11th Cir. 2018); and *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010).[19] However, those cases merely stand for the uncontroversial proposition that the Court may impose sanctions for various bad faith acts that occur in litigation. *See, e.g.*, *In re Walker*, 532 F.3d at 1309 ("To impose sanctions under [its] inherent powers, the court first must find bad faith."); *Silva*, 898 F.3d at 1340 ("A district court may impose sanctions pursuant to its inherent authority, 28 U.S.C. § 1927, and under Federal Rule of Civil Procedure 11 if the plaintiff acted in bad faith."); *Peer*, 606 F.3d at 1316 ("When considering sanctions under the court's inherent power, the threshold of bad faith conduct 'is at least as high as the threshold of bad faith conduct for sanctions under § 1927.'") (citation omitted).

The question, then, is whether AMDS has properly brought a ***counterclaim*** for bad faith under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, or the Court's inherent authority. The Court is not aided in answering this question, because AMDS did

---

[18]   ECF 9, ¶¶ 65–68.

[19]   *Id.* ¶¶ 72–75.

not respond to Wilson's motion to dismiss.[20] At the outset, the counterclaim does not comply with Fed. R. Civ. P. 11(c)(2), which requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)," and no separate motion has been filed. Thus, the counterclaim is not properly grounded in Rule 11.

While § 1927 does not contain such a requirement,[21] the cases referenced in the counterclaim all involve sanctions granted on a party's motion. *See In re Walker*, 532 F.3d at 1311 (affirming, *inter alia*, the bankruptcy court's grant of a motion for sanctions); *Silva*, 898 F.3d at 1341 (holding that the district court abused its discretion in granting a motion for sanctions); *Peer*, 606 F.3d at 1316–17 (reversing the district court's denial of motions for sanctions). The Eleventh Circuit has also referred to § 1927 as a "sanctioning mechanism," *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018), and held that the district court

---

[20] Under LR 7.1(B), NDGa, this means that Wilson's motion is unopposed; however, the Court cannot grant the motion without considering its merits. *See Giummo v. Olsen*, 701 F. App'x 922, 924 (11th Cir. 2017) (holding that the district court abused its discretion in granting a motion to dismiss based solely on the plaintiffs' failure to respond in opposition).

[21] Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

has the authority to set (and enforce) a deadline for the filing of fee motions, including those under § 1927, *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Elsewhere, the Eleventh Circuit has opined that "attorneys' fees [under § 1927] were intended to be among the costs which a party could request after litigation was completed," *Gordon v. Heimann*, 715 F.2d 531, 537 (11th Cir. 1983), and so "[t]he appropriate time for assessing such costs is after a decision has been reached on the merits," *id.* (citing *Knighton v. Watkins*, 616 F.2d 795, 798 (5th Cir. 1980)). This is particularly sensible here, as AMDS' "bad faith" counterclaim is premised on factual disputes that go to the heart of Wilson's TCPA claim. Moreover, "awards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards." *Byrne*, 261 F.3d at 1106 (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991)). Thus, AMDS may not seek § 1927 sanctions against **Wilson** at all. For all these reasons, the Court concludes that AMDS' counterclaim is not properly grounded in § 1927.

Lastly, in an exercise of the Court's inherent power to both "assess attorneys' fees and costs against the client or his attorney, or both, when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons,'" *Byrne*, 261 F.3d at 1106 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)), and to exercise "'unquestionable' authority to control [its] own docket[ ]," *Smith*, 750 F.3d

at 1262 (quoting *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971)), the Court will dismiss AMDS' counterclaim to the extent it relies on the Court's inherent sanctions authority.

Accordingly, Wilson's motion to dismiss is **GRANTED**, and AMDS' counterclaim is **DISMISSED**. However, the Court emphasizes that this ruling is without prejudice to AMDS' ability to seek sanctions under Fed. R. Civ. P. 11, § 1927, or the Court's inherent authority, on a proper and timely motion. Though it scarcely need be said, the Court takes no position as to the parties' underlying allegations.

### III. CONCLUSION

Wilson's motion to dismiss [ECF 10] is **GRANTED**, and AMDS' counterclaim is **DISMISSED**. AMDS' motion to dismiss [ECF 12] is **DENIED**.

Wilson's motion for extension of time to file a motion for class certification [ECF 8] is **GRANTED**. A Scheduling Order that includes a deadline for Wilson to file a motion for class certification, if appropriate, will be entered separately. AMDS's motion for oral argument on its motion to dismiss [ECF 17] is **DENIED as moot**.

**SO ORDERED** this 2nd day of March, 2026.

                                              Steven D. Grimberg
                                             United States District Judge